**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4540**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD FRANKS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:17-cr-00174-MOC-DSC-1)

Submitted:  September 30, 2021                     Decided:  October 19, 2021

Before KING, WYNN, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Sandra Barrett, Hendersonville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Franks pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court sentenced Franks to 148 months' imprisonment. On appeal, Franks argues that plea counsel rendered ineffective assistance by failing to move to dismiss the indictment and that his sentence is procedurally unreasonable. The Government has moved to dismiss the appeal, arguing that Franks' challenge to his sentence falls within the scope of his appellate waiver and that his claim of ineffective assistance of counsel is not cognizable on direct appeal. For the following reasons, we grant the Government's motion and dismiss the appeal.

We will generally enforce an appellate waiver if the record establishes that (1) the defendant knowingly and intelligently waived his right to appeal, and (2) the issues raised on appeal fall within the waiver's scope. *United States v. Blick*, 408 F.3d 162, 168-169 (4th Cir. 2005). Upon review of the plea agreement and the Fed. R. Crim. P. 11 hearing, we conclude that Franks knowingly and intelligently waived his right to appeal. We further conclude that Franks' challenge to his sentence falls squarely within the scope of the appellate waiver. We therefore grant the Government's motion to dismiss the appeal as to that claim.

Franks' ineffective assistance claim, on the other hand, falls outside the scope of the appellate waiver provision. However, we will not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-508 (4th Cir. 2016). Based on our

review of the present record, we conclude that ineffective assistance of counsel is not apparent on the face of the record. We therefore decline to review this claim on direct appeal and also dismiss this portion of the appeal.[*]

Accordingly, we grant the Government's motion and dismiss Franks' appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] This claim should be raised, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).